## Cunningham, et al. v. Cunningham.

(Decided December 10, 1920.)

### Appeal from Trigg Circuit Court.

Appeal and Error—Effect in Equitable Actions—Findings of Court.—In a suit to set aside a deed alleged to have been obtained by fraud, the evidence being conflicting and questions of fact thereby difficult of solution, and upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment, the findings of the chancellor will not be disturbed.

G. P. THOMAS and JOHN D. SHAW for appellants.

SMITH & KING for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Tandy Cunningham was a thrifty negro residing in Trigg county, and at the time of his death, February 26, 1914, owned a farm in that county of about 250 acres. He had been twice married. By his first wife he had three children, George, Smith and Susie. In his will, which was recorded March 9, 1914, he devised twelve acres of land to two grandsons; the rest of his real estate he devised to his wife, Tena Cunningham, for life, or as long as she remained unmarried. After her husband's death the widow lived on the home place with her

stepson, Smith Cunningham and his family, for about two years.

March 12, 1914, three days after the will was probated, the widow executed a deed to her three stepchildren by the terms of which she conveyed to them a three-fourths undivided interest in and to the lands mentioned in clause two of her husband's will, or so much interest as she had in same. The widow was given the right in said deed to remain in the dwelling on said land during her life or widowhood, in accordance with the provisions of the will.

By her petition in this case the widow asks that the aforesaid deed be cancelled on the grounds that she could not read nor write; she did not know the deed recited the payment of the consideration of $800.00; she had not been paid said sum or any part thereof, either before the execution of the deed or since; the deed was obtained from her by fraud and deceit; she was illiterate and ignorant; she authorized her name to be signed to the paper at the earnest solicitation of her two stepsons, who insisted it was proper and right for her to do so, and they promised they would care for, support and maintain her; further, not being advised as to her legal rights, she relied solely upon her stepsons to advise her properly, and she signed said deed in the belief that the grantees had a personal interest in the land. At the time this suit was filed Smith Cunningham had long since moved out of the house and both stepsons had ceased to render plaintiff any support or help. They had taken possession of three-fourths of the land and she claimed had forced her to subsist upon the rent or income from the remaining one-fourth.

The answer not only denied the allegations of the petition, but affirmatively pleaded payment of the consideration and that plaintiff fully understood the situation; was fully advised as to the effect of said deed; that the sole consideration for the conveyance was the payment referred to; also that defendants had made improvements on the property to the extent of $1,543.25. By amended petition plaintiff asked in the event the consideration was found to be adequate and the deed sustained that she be granted a lien upon the land to secure the payment of the unpaid consideration of $800.00.

Upon final submission the court found that no part of the consideration had been paid, that defendants had kept the land since March 14, 1914, and had cut, used and

sold considerable timber off of same; furthermore that the improvements placed on the land by defendants were sufficient to offset plaintiff's claim for rent and the value of the timber taken from the land. Judgment was awarded plaintiff in the sum of $800.00, with interest from March 14, 1914, and it is to reverse this judgment that the present appeal has been prosecuted.

The evidence is conflicting. Smith Cunningham testifies he and plaintiff were the only persons present when the money was paid. Though he usually kept his money on deposit in bank he did not give plaintiff a check for this amount; it was paid in cash. This is denied by the plaintiff who says no money was paid her, that she never had as much as $800.00 at one time in her life; on the contrary she says that at the time of her husband's death they found about $800.00 in his trunk and this was turned over to Smith Cunningham and his brother to put in the bank.

Other witnesses say the amount found in the trunk was only $150.00 or $160.00, but as to this as to practically every other fact the proof is contradictory. The parties are not agreed on any material point. There is a sharp conflict in the testimony as to the facts, and certainly no benefit would be derived or useful purpose served by a detailed statement of their several differences. Was the consideration or any part thereof paid? This is really the only question for our determination. Defendants say it was paid, plaintiff says it was not; both support their contention by proof.

Plaintiff is 65 years of age, the income from one-fourth of the farm being insufficient to support her she has been compelled to remove to Hopkinsville. The facts of this case present a good example for the application of the principle so often stated by this court, to-wit: where the evidence is conflicting and questions of fact thereby difficult of solution, if upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment the findings of the chancellor should not be disturbed. This is the view we take of the case. The evidence is conflicting, the trial judge is familiar with the neighborhood in which the case was tried and no doubt personally acquainted with the parties and witnesses and his judgment not being against the weight of the evidence should not, under the circumstances, be molested.

The judgment is accordingly affirmed.